David J. MIDDLETON and June C. Middleton, Petitioners,

v.

UNITED STATES of America, and Albert Yandek, Revenue Agent, Internal Revenue Service, Respondent.

LIFE SCIENCE CHURCH, Petitioner,

v.

UNITED STATES of America, and Albert Yandek, Revenue Agent, Internal Revenue Service, Respondent.

Nos. C83–2419, C83–2439.

United States District Court, N.D. Ohio, E.D.

March 22, 1985.

**MEMORANDUM OPINION AND ORDER**

BATTISTI, Chief Judge.

Petitioners David J. Middleton and June C. Middleton filed on June 9, 1983 a petition

**1046**

to quash summonses issued by Respondent Internal Revenue Service. Petitioner Life Science Church, through David Middleton, its trustee, filed a similar petition to quash on June 10, 1983. The summonses at issue are third-party recordkeeper summonses issued pursuant to 26 U.S.C. § 7609; the summonses were issued on May 20, 1983. Notice was given to petitioners on May 23, 1983. For the reasons outlined below, petitioners' petition to quash summons is denied.

## I.

Neither petitioners nor the respondents have in any of their papers before the Court clearly set out the facts of this case. The following facts have therefore been pieced together: Petitioner, residents of Rocky River, Ohio, are either in their individual or corporate capacities, officers or financial agents of the Life Science Church, Order of Almighty God, Chapter 1476. Petitioners, on behalf of the Life Science Church, had financial transactions with Ameritrust Company, Cardinal Federal Savings & Loan, Continental Federal Savings & Loan, Huntington National Bank and National City Bank. Internal Revenue Agent Albert Yandek directed in the summonses that each of the financial institutions named above produce "books, records, papers and other data relating to the tax liabilit[ies]" of petitioners for the periods 1978–1982 inclusive. The financial institutions were summoned to appear before Yandek at 10 a.m. on June 16, 1983. In its "Response to Verified Petition to Quash Summonses," the Internal Revenue Service states that the summoned parties failed to appear on June 16, 1983.

## II.

It is difficult to determine from a study of petitioners' *pro se* complaint the basis for his petition to quash. It appears that Petitioners are mounting a jurisdictional challenge. Petitioners state:

[T]hese summonses were issued unlawfully and should be quashed because the United States of America and the Internal revenue Service et al. have NO jurisdiction whatsoever over the PERSON, property, interests nor endeavors (subject matter) of the Petitioners and therefore there is NO subject matter to bring before this Court for several reasons.

Verified Petition to Quash Summons, item 4, at 2.

Petitioner appears to reach this conclusion that jurisdiction is lacking based on two reasons: (1). "Congress does not possess jurisdiction to investigate individuals in civil actions, therefore [since Congress cannot delegate powers it does not have itself] the administrative agencies do not have it either." Items 5 & 6, at 2; (2) "The Secretary of the Treasury has unlawfully and prejudicially failed to refuse to follow his own government statutes, rules and regulations ... in which statutes and related common law on proof of jurisdiction, he is mandated to prove existence of jurisdiction." Item 7, at 3. "Petitioners also assert that the United States and the Internal Revenue Service have no jurisdiction because Petitioner has timely filed an Administrative Complaint and Demand with supporting affidavits under Title 5 U.S.Code." Item 7, at 2 (emphasis in original).

Petitioners' use of the word "jurisdiction" is a misnomer; essentially the thrust of the petition is that the Internal Revenue does not have the authority to summon the financial institutions with which he allegedly deals. An examination of 26 U.S.C. § 7609 demonstrates that the summonses in this case are authorized and properly drawn.

■ First, this Court has jurisdiction to determine the instant petitions to quash. Since petitioners reside in Rocky River, Ohio which is in the Northern District of Ohio, the requirements of 26 U.S.C. § 7609(h)(1) are met.[1] Petitioner has filed

---

1. 26 U.S.C. § 7609(h)(1) reads:
Jurisdiction—The United States district court for the district within which the person to be

summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or

his petition to quash within the 20-day period from the date he received notice (May 23, 1984); hence, the proceeding to quash summons was properly initiated. 26 U.S.C. § 7609(b)(2)(A). The Secretary of the Treasury, through his delegates in the Internal Revenue Service is authorized to examine books and witnesses to determine the correctness of any return or the tax liability of any person or transferee or fiduciary. 26 C.F.R. § 601.105(b)(1); 26 U.S.C. § 7602(b). The Supreme Court has held that the I.R.S's investigatory authority is like that of other federal investigatory agencies who can investigate based on suspicion. *U.S. v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). There is no violation of either the First Amendment or the Fourth Amendment, when the I.R.S. uses its summons authority to investigate situations in which it believes probable cause exists to find a tax law violation. *United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Harrington*, 388 F.2d 520 (2nd Cir.1968).

Pursuant to 26 U.S.C. § 7609, the Internal Revenue Service may summon any "third party recordkeeper" and the records in that party's possession. A "third party recordkeeper" is defined to include "any mutual savings bank, cooperative bank, domestic building and loan association, or other [Federal or State chartered] savings and loan, any bank or any credit union." 26 U.S.C. § 7609(a)(3). The institutions named in the instant summonses all fall within the statutory definition of third-party recordkeepers.

■ In all other respects, the summonses at issue appear sufficient. They properly identify the persons whose tax liability is at issue (petitioners David J. Middleton and June C. Middleton); this is not a "John Doe" summons. *See* 26 U.S.C. §§ 7609(a)(1), 7609(f). There is no allegation that the documents sought have not been identified with reasonable certainty. 26 U.S.C. § 7603; *see also United States v.*

*First National Bank*, 173 F.Supp. 716, 720 (W.D.Ark.1959). A request for all documents in the third-party's possession relating to the taxpayer is sufficient. *United States v. First Pennsylvania Bank*, 453 F.Supp. 457 (E.D.Pa.1978). Furthermore, there has been no claim that the instant summonses had been brought in anything less than good faith on the part of the I.R.S. *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978).

None of the third-party recordkeepers who were summoned in this case have chosen to exercise their statutory right to intervene. 26 U.S.C. § 7609(b)(2)(C). However, the summonees are bound by the decision rendered in this petition to quash proceeding, whether or not they intervene. *Id.*

No reasons have been presented why the instant summonses should not be enforced. The IRS has the requisite statutory authority to summon and examine petitioners' financial records, either in their possession or the possession of third party recordkeepers.

Petitioners claim that the summonses as they apply to the Life Science Church are overbroad. Petitioners cite *United States v. Life Science Church*, 636 F.2d 221 (8th Cir.1980) in support. However, petitioners misread that opinion. In that case, the Eighth Circuit found that 26 U.S.C. § 7605

expressly allows the finances of a church to be inspected for the purpose of a determination of the amount of tax the church may owe under the code. Further the statute allows an inspection of the religious activities 'to the extent necessary to detrmine whether such organization is a church.'

*Id.* at 222–23.

However, the Court found that a summons (like the summonses in *United States v. Holmes*, 614 F.2d 985, 988 (5th Cir. 1980)), which sought all documents relating to the church's organizational struc-

(g). An order denying the petition shall be deemed a final order which may be appealed.

ture, all correspondence, minutes and literature was overbroad. *Id.* at 223–24.

■ This is not the situation in the instant case. The Internal Revenue Service's attachment to its summonses requests only financial documents. It does not seek organizational charts, business records, or membership lists. Hence, this Court does not regard such a summons to be overbroad since the documents are narrowly identified and clearly relevant to determine the tax liability of the church. First Amendment associational freedoms are not infringed by this type of summons. *Cf. United States v. Citizens State Bank,* 612 F.2d 1091 (8th Cir.1980) (IRS request to see membership lists may raise conflict between IRS powers and First Amendment values).

Accordingly, it is ordered that:

1. Petitioners' petitions to quash summons are denied;

2. The summonses against third-party recordkeepers Ameritrust Company, Cardinal Federal Savings & Loan, Contintental Federal Savings & Loan, Huntington National Bank and National City Bank with respect to petitioners David and June Middleton, and petitioner Life Science Church be enforced and that all records requested be produced to the Internal Revenue Service at a date and time specified by the Internal Revenue Service or its agent;

3. This decision denying the petition to quash shall be deemed a final order and an enforcement order be issued pursuant to 26 U.S.C. § 7609(h)(1);

4. Petitioner's Complaint in C83–2419 is dismissed with prejudice.

IT IS SO ORDERED.