793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID J. MIDDLETON and JUNE C. MIDDLETON, Plaintiffs-Appellants,
vs.
UNITED STATES OF AMERICA and ALBERT YANDEK, Revenue Officer,
Defendants-Appellees.
 85-3269
 United States Court of Appeals, Sixth Circuit.
 5/20/86
 
 AFFIRMED
 N.D.Ohio, 609 F.Supp. 1045
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: MARTIN and GUY, Circuit Judges, and REED, District Judge.*
 PER CURIAM.
 
 
 1
 In this action, pro se plaintiffs, David and June Middleton, filed a petition to quash summonses issued by defendant Internal Revenue Service (IRS), and a complaint in which plaintiffs asked the court to quash the summonses and to force the IRS to respond to plaintiffs' 'Petition for Redress of Grievances.' In this same case, the IRS asked for enforcement of the summonses against various third-party recordkeepers. The district court below granted enforcement of the summonses, denied plaintiffs' petition to quash summonses, and dismissed plaintiffs' complaint.
 
 
 2
 Plaintiffs filed a timely appeal of that order and raise five issues, the first four of which are closely connected. We find that those four issues were fully and appropriately dealt with by the district court judge and we adopt his memorandum opinion and order as the opinion of this court. Middleton v. United States of America, No. C83-2419 (N.D. Ohio, March 22, 1985) (unpublished).
 
 
 3
 Plaintiffs also raise for the first time on appeal their fifth issue. The Middletons claim that the district court erred in enforcing the summonses when the government failed to meet its initial burden of making a prima facie case for enforcement by submitting an affidavit of the IRS agent who issued the summonses. We find that plaintiffs may not raise this issue before this court as they failed to raise it before the trial court below. 'A defense that has not been raised in a pleading, by motion, or at trial normally will be considered waived and cannot be made the subject of an amendment after judgment or be heard for the first time on appeal.' 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 1394 (1969). We do note, however, that the cases cited by plaintiffs do not support an alleged requirement that a summons must be supported by an affidavit by the issuing agent for enforcement, nor does the court find this requirement stated in any other source.
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Scott Reed, United States District Court, Eastern District of Kentucky, sitting by designation